United States District Court
Southern District of Texas
ENTERED
August 31, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO RAFAEL BAEZ JORGE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5559 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Mario Rafael Baez Jorge ("Petitioner"), a citizen of Cuba, entered the United States on December 28, 2013.[1] On July 17, 2018, Petitioner was served with a Notice to Appear, charging him with removability.[2] On March 28, 2023, an immigration judge ordered Petitioner removed from the United States to Cuba.[3] Petitioner waived his right to appeal that decision.[4] On May 24, 2026, Petitioner was taken into immigration custody after he was encountered at the Harris County Sheriff's Office.[5] Immigration Customs and Enforcement ("ICE") is working to remove Petitioner

---

[1]Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 10, p. 2; Sworn Declaration of Deportation Officer Clifton Hunt, Exhibit 2 to Respondents' MSJ, Docket Entry No. 10-2, p. 3 ¶ 5. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Sworn Declaration of Deportation Officer Clifton Hunt, Exhibit 2 to Respondents' MSJ, Docket Entry No. 10-2, p. 4 ¶ 11.

[3]Id. ¶ 17.

[4]Id.

[5]Respondents' MSJ, Docket Entry No. 10, p. 2.

to Mexico or another third country.[6] Petitioner remains in immigration custody under 8 U.S.C. § 1231.[7]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1).[8] Petitioner argues that his prolonged detention violates due process under Zadvydas v. Davis, 121 S. Ct. 2491 (2001).[9] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 10). Respondents argue that Petitioner's Habeas Petition should be denied because he failed to show that his detention violates Zadvydas.[10]

Petitioner's detention does not violate due process under Zadvydas. Although Petitioner was placed under a final order of removal on March 28, 2023, he most recently was taken into immigration custody on May 24, 2026.[11] Thus Petitioner has been detained under a final order of removal for approximately three months. "Because [Petitioner] has not been in custody past the presumptively reasonable period [of six months] outlined in Zadvydas, he does not demonstrate that his detention violates the Constitution and he does not state an actionable claim for relief." Parker v. Sessions, CIVIL ACTION NO. H-18-2261, 2018 WL 11491450, at *2 (S.D. Tex. July 16, 2018).

---

[6]Id.

[7]Id.

[8]Petitioner has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2).

[9]Habeas Petition, Docket Entry No. 1, p. 7.

[10]Respondents' MSJ, Docket Entry No. 10, pp. 1–2.

[11]Sworn Declaration of Deportation Officer Clifton Hunt, Exhibit 2 to Respondents' MSJ, Docket Entry No. 10-2, p. 4 ¶ 17; Respondents' MSJ, Docket Entry No. 10, p. 2.

Also pending before the court is Petitioner's Motion for Temporary Restraining (Docket Entry No. 11), asking the court to "grant him supervised release so he can resume his appropriate treatment and medication for his medical condition."[12] However, a district court "cannot render [the] ultimate relief sought in a habeas petition–releasing a detainee–in the form of a . . . TRO." Duarte v. Warden, 832 F.Supp.3d 609, 613 (W.D. Tex. 2026) (internal quotations omitted); see also Rodriguez v. Lyons, No. 25-CV-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) ("Seeking injunctive relief that mirrors the relief request in the habeas petition is nothing more than a motion to decide my habeas petition now.").

Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2) is **GRANTED**. For the reasons explained above, Petitioner's Motion for Temporary Restraining (Docket Entry No. 11) is **DENIED**, and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** as premature. Petitioner may re-file his petition if (1) he has not been removed after the six-month time period has expired, (2) he has exhausted all available administrative remedies, and (3) he can show that he has cooperated with ICE in obtaining travel documents to effect his removal. 8 U.S.C. § 1231(a)(1)(C).

**SIGNED** at Houston, Texas, on this 31st day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[12]Motion for Temporary Restraining, Docket Entry No. 11, p. 1.